# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| RYLAN RICHARDS | NO. 1:24-cv-11 |
| Plaintiff, | Pottawattamie County District Court |
| vs. | Case No. LACV125206 |
| COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT | **NOTICE OF REMOVAL** |
| Defendant. | |

COMES NOW Defendant, Council Bluffs Community School District, by and through the undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and 1446, and hereby remove the above-captioned case from the Iowa District Court for Pottawattamie County to the United States District Court, Southern District of Iowa, Western Division. In support removal, Defendant states the following:

1.      This action was originally filed in the Iowa District Court for Pottawattamie County by Plaintiff, on or about April 18, 2024.

2.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a copy of the Original Notice and Petition, Order for Individual Case Assignment, Notice of Civil Trial-Setting Conference and Appearances and Acceptance of Service are attached as Exhibit 1.

3.      Defendant Council Bluffs Community School District was served with the Petition in this matter on April 29, 2024.

4.      This case may be removed from the Iowa District Court for Pottawattamie County to this Court pursuant to 28 U.S.C. § 1331. The United States District Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

5.      This is a civil action in which Plaintiff is alleging, among other things, disability discrimination in employment in violation of federal and state laws.

6.      Pursuant to 28 U.S.C. § 1367(a), the United States District Court has supplemental jurisdiction over Plaintiff's related state law claims.

7.      The acts of which Plaintiff complain are alleged to have occurred in Pottawattamie County, Iowa.

8.      The time for filing this notice of removal has not expired because thirty (30) days have not passed since April 29, 2024, the date on which this Defendant was served with the Petition.

9.      Defendant Council Bluffs Community School District has consented to the filing of this notice of removal.

10.     Defendant has not been served with, and is not aware of any other process, pleadings, and/or orders in the action pending in the Iowa District Court for Pottawattamie County.

11.     Pursuant to Local Rule 81(a), Defendant states that this is the only matter currently pending in the state court that will require resolution, and copies of all process, pleadings, and orders filed in the state case are attached herein.

12.     Counsel that has appeared on behalf of the Plaintiff in state court is:

Julie Jorgensen
11422 Miracle Hills Drive, Suite 400
Omaha, NE  68154
Telephone: (402) 951-7228
jjorgensen@evans-dixon.com

13.     This Notice of Removal is being served upon Plaintiff's counsel by electronic mail and is being filed with the Clerk of the Iowa District Court for Pottawattamie County.

**WHEREFORE**, Defendant Council Bluffs Community School District gives notice that the above-captioned action now pending in the Iowa District Court for Pottawattamie County is removed therefrom to the United States District Court for the Southern District of Iowa, Western Division.

Respectfully submitted,

Douglas L. Phillips   #AT0006251
Zachary D. Clausen  #AT0013741
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
zclausen@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANT COUNCIL
BLUFFS COMMUNITY SCHOOL DISTRICT

Copy to:

Julie Jorgensen
11422 Miracle Hills Dr., Ste 400
Omaha, NE  68154

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on April 30, 2024.
By: _____ U.S. Mail          _____ facsimile
_____ Hand delivered     _____ Overnight courier
__X__ Email                   __X__ ECF

Signature ___/s/ Douglas L. Phillips

E-FILED  2024 APR 18 3:19 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

RYLAN RICHARDS,

                Plaintiff

vs.

COUNCIL BLUFFS COMMUNITY
SCHOOL DISTRICT,

                Defendant.

CASE NO._____

**ORIGINAL NOTICE**

TO THE ABOVE-NAMED DEFENDANT(S):

       You are notified that a Petition has been filed in the office of the Clerk of this Court naming you as a defendant in this action.  A copy of which Petition (and any other documents filed with it) is attached to this notice. The attorney for the Plaintiff is Julie Jorgensen, 11422 Miracle Hills Drive, Suite 400, Omaha, NE 68154.  That attorney's telephone number is 402-951-7228; facsimile number is 314-884-4551.

       You must serve a motion or answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

       The case has been filed in a county that utilizes electronic filing.  You are directed to Iowa Court Rules Chapter 16 for general rules and information on electronic filing. You are further referred to the rules in Chapter 16, division VI regarding the protection of personal information in court filings.

       If you require the assistance of auxiliary aids or services to participate in court because of

**EXHIBIT 1**

E-FILED  2024 APR 18 3:19 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

a disability, immediately call your district ADA coordinator at (712) 328-5883.  (If you are hearing

impaired, call Relay Iowa TTY at 1-800-735-2942).

IMPORTANT

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR
INTERESTS.

E-FILED  2024 APR 18 5:05 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACV125206** |
| *County* | **Pottawattamie** |

*Case Title*    RYLAN RICHARDS VS COUNCIL BLUFFS COMMUNITY SCHOOL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-4753** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **04/18/2024 05:05:20 PM**



*District Clerk of Court or/by Clerk's Designee of* Pottawattamie    *County*
**/s/ DeAnne Nadler**

E-FILED 2024 APR 18 3:19 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| RYLAN RICHARDS,<br><br>　　　　　Plaintiff<br><br>vs.<br><br>COUNCIL BLUFFS COMMUNITY<br>SCHOOL DISTRICT,<br><br>　　　　　Defendant. | CASE NO._____<br><br><br>**PETITION AND DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff Rylan Richards and for his Petition against defendant Council Bluffs Community School District ("CB Schools") states as follows:

### Parties

1. Plaintiff, Rylan Richards, brings this action against the Council Bluffs Community School District for violations of the Americans with Disabilities Act ("ADA") as amended by the ADA Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA") and the Iowa Civil Rights Act.

### Jurisdiction

2. Jurisdiction of this Court is invoked pursuant I.C.A. § 602.6101.

3. Venue is proper in this Court because employment practices alleged to be unlawful were committed within the jurisdiction of the Court.

4. Plaintiff timely filed a charge of discrimination with the Iowa Civil Rights Commission alleging violations of ADA. On January 22, 2024 the commission issued a Right to Sue Letter to Plaintiff and Plaintiff has filed this suit within 90 days of the issuance of the Right to Sue Letter, and has therefore fully complied with all prerequisites to jurisdiction.

E-FILED  2024 APR 18 3:19 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

This Court's jurisdiction includes the full scope of the agency's investigation into such charge.

## **Facts**

5. Rylan Richards lost his left arm above the elbow in a car accident in 2020, an injury which substantially limits his major life activities and the functioning of his bodily systems.

6. Prior to the loss of his arm, Mr. Richards worked for the Council Bluffs Community Schools as a paraeducator beginning in October 2016.

7. During Mr. Richards time of pre-accident employment with the Council Bluffs Community Schools he primarily worked with elementary school special needs children.

8. After the accident that resulted in the loss of his arm and other severe injuries, Mr. Richards went through an extensive period of rehabilitation. During such period of rehabilitation, which was approximately a 7-month period, Mr. Richards did not work.

9. When Mr. Richards returned to work at Council Bluffs Community Schools he was moved to the alternative high school program.

10. Because Mr. Richards had previously focused on elementary special education and wished to return to elementary education, he terminated his position with the Council Bluffs Schools and began working with Bellevue Public Schools as a paraeducator with high need elementary children.

11. At Bellevue Public Schools he was placed in an elementary life skills classroom.

12. At Bellevue Public Schools his duties included assisting children with toileting and navigating wheelchairs.

13. Mr. Richards was able to complete such physical activities without any accommodation.

14. In the summer of 2021 Mr. Richards applied for a position at a middle school in Douglas County, Colorado as a "Educational Assistant IV – Affective Needs".

15. The job was very similar to the job that Mr. Richards held as an elementary school paraeducator in the CB Schools prior to his injury, however, this program was even more focused on children with high behavioral needs.

16. The Colorado position included physical requirements of occasionally lifting 40 to 70 pounds; frequent bending; standing; sitting; walking; occasional reaching; kneeling; bending; squatting or standing; the ability to run short distances.

17. In addition to the above requirements the Colorado job also required training in "CPI".

18. CPI is a nonviolent crisis intervention system in which some educators are trained. Part of CPI training involves learning how to safely restrain students with aggressive behavior.

19. However, CPI training teaches that restraint is a last resort when other crisis intervention is unsuccessful, and restraint of students not the preferred method of intervention when a student is in crisis.

20. Not all restraints in CPI require the use of two arms.

21. Part of the CPI protocols require that a trained third party be an observer to any restraint of a child in order to monitor the condition of the child being restrained and to monitor whether the restraint itself is being appropriately applied.

22. Mr. Richards was hired for and successfully employed in the Douglas County, Colorado job working with high behavioral need children with accommodation, which included waiving certain upper body physical requirements including pulling, pushing, and lifting with the left arm.

E-FILED 2024 APR 18 3:19 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

23. Mr. Richards was recertified in CPI while in Colorado, at which point he had only one arm.

24. Mr. Richards' position in the Colorado classroom included assisting the special education students in the classroom with educational instruction, medical needs, physical challenges, de-escalation and life skill instruction.

25. Mr. Richards returned to Council Bluffs to be near his family in approximately September of 2022 and went to work for an organization called "Teachers on Call", which supplied substitutes to the CB Schools.

26. On or about January 30, 2023 Mr. Richards was placed through Teachers on Call at Kirn Middle School as a paraeducator floater.

27. Mr. Richards' position as a substitute paraeducator floater involved serving three special needs classrooms.

28. While serving as a substitute paraeducator Mr. Richards assisted in varying duties depending on the needs of the students in the various classrooms.

29. The substitute position was also listed as an open job for a permanent position.

30. Upon starting his substitute assignment Mr. Richards was almost immediately encouraged by the teachers he was working with, as well as a human resources employee, Tammy Nielsen, to apply for the open permanent position.

31. Mr. Richards was also told that if he was not interested in a permanent position, the school was also interested in Mr. Richards finishing out the school term as a substitute in the same position.

32. The open permanent floater position was the same position Mr. Richards was serving in as a substitute, serving the three special needs classrooms where he was already working.

E-FILED  2024 APR 18 3:19 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

33. The three special needs classrooms were together in a pod arrangement and each of the classrooms had a teacher and two paraeducators within the classroom.

34. The floater position served as a fourth available person to assist in each of the rooms.

35. The duties of the floater were similar to, but less arduous, than the position that Mr. Richards had successfully held with accommodation in Colorado.

36. After being encouraged by various individuals at the school to apply for the permanent position, Mr. Richards did apply.

37. After his application, a doctor's note was requested by Defendant and a basic note from his physician outlining his condition was provided to human resources.

38. When the note was supplied Mr. Richards explained that he and his doctor were willing to discuss various options and accommodations, but that based on his time on the job Mr. Richards felt he could do the job, and had been doing the job, with little to no accommodation.

39. Mr. Richards also understood that one of the teachers he was working directly with also supplied a recommendation letter recommending that he be hired to fill the position.

40. Mr. Richards had received only positive feedback regarding the likelihood of him obtaining the permanent job until the end of the day on or about February 24, 2023 when he was told by human resources that the school would not be able to accommodate him for a permanent position.

41. Defendants refused to engage in the interactive process, and Mr. Richards was told that the school felt it could not accommodate him "long-term" and felt he was just not right for the permanent position for which he applied.

E-FILED 2024 APR 18 3:19 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

42. Mr. Richards was told that the school felt they could not accommodate him "long-term," despite not interviewing him, or communicating with him or his physician regarding any perceived needs or concerns regarding his missing arm despite Mr. Richards offers to discuss any concerns or questions.

43. After being rejected for the permanent position, Mr. Richards was actually invited to stay on as a substitute until the permanent position was staffed, again potentially through the end of the school year.

44. Subsequent to the communications on February 24, 2023, Mr. Richards remained optimistic that if there was understanding with regard to his disability, what he could do despite his disability, the limited accommodations needed, and his ongoing successful tenure in the job, that CB Schools would potentially reconsider.

45. Mr. Richards provided the school with information from his prior similar position in Colorado and additional information from his doctor showing that he could be accommodated in the job he was currently successfully filling, and again offering to engage in discussions about the position and his disability.

46. Mr. Richards learned on March 1, 2023 that the position he had applied for had been filled without any further discussion concerning accommodations and or physical restrictions that he might, or might not, have. No assessment was made of Mr. Richards as an individual and there was not a chance to have any interactive evaluation completed as to his needs.

47. The actions of CB Schools caused Mr. Richards to suffer damages, including past and future lost wage and benefits, emotional distress and the costs of bringing this action.

E-FILED 2024 APR 18 3:19 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

## First Cause of Action – Violation of Title 1 of the Americans with Disabilities Act

48. The allegations of paragraph 1 – 47 are hereby incorporated by reference.

49. Mr. Richards is a qualified person with a disability within the meaning of 42 U.S.C. § 12111 of the ADA because he has a physical impairment, a missing arm.

50. During all times relevant Mr. Richards was a qualified paraprofessional and qualified for the position for which he applied because he could perform the essential functions of the job with reasonable or no accommodations.

51. When the request for reasonable accommodations was made by Mr. Richards defendant knew of Mr. Richards' physical limitations.

52. Defendant refused to engage in the ADA required interactive process.

53. Defendant told Mr. Richards that they could not accommodate "long term" disabilities.

54. Defendant could have reasonably accommodated Mr. Richards' physical limitations.

55. Defendant discriminated against Mr. Richards in violation of Title 1 of the ADA and its implementing regulations by not making reasonable accommodations to the known physical limitations of Mr. Richards and failing to hire him on the basis of his disability.

56. Title 9 regulations require that in order to determine an appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal interactive process with the individual with a disability in need of accommodation. This process should identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations.

57. Prior to making the decision not to hire Mr. Richards for the position at issue, no such interactive process occurred.

58. As a result of defendant's discriminatory conduct in failing to hire Mr. Richards, Mr. Richards suffered and continues to suffer damages including emotional distress.

59. Defendant intentionally violated Mr. Richard's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

### Second Cause of Action – Violation of the Iowa Civil Rights Act, I.C.A. Section 216.6

60. The allegations of paragraph 1 – 59 are hereby incorporated by reference.

61. Section 216.6 of the Iowa Civil Rights Act prohibits unfair and discriminatory practices including discrimination based on disability.

62. The act prohibits an employer from discriminating against a person with a disability who is qualified to perform a particular occupation by reason of training or experience.

63. During all relevant time periods Mr. Richards was a person with a disability who was qualified to perform in a particular occupation by training and experience. He was a qualified paraprofessional.

64. During all relevant times Mr. Richards was a qualified paraprofessional who could perform the essential functions of the job with or without reasonable accommodations.

65. Defendant could have reasonably accommodated Mr. Richards physical limitations.

66. As a result of the Defendant's discriminatory conduct Mr. Richards suffered and continues to suffer damages including emotional distress.

**WHEREFORE**, Rylan Richards respectfully requests of this court a grant judgment in favor of Mr. Richards and against the Defendant and for judgment:

A. Award Plaintiff for his past and future loss of wages and benefits, plus interest;

B. Award Plaintiff compensatory and punitive damages;

E-FILED  2024 APR 18 3:19 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

C. Order CB Schools to reinstate Plaintiff to a position comparable to the position for which he applied, or, in lieu of reinstatement, award him front pay (including benefits);

D. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

### **Jury Demand**

Rylan Richards hereby demands a jury trial pursuant to Iowa R. Civ. P. 1.902 and section 102 of the Civil Rights Act of 1991.

By:___*/s/ Julie Jorgensen*_____
Julie Jorgensen #AT0012194
EVANS & DIXON, LLC
11422 Miracle Hills Drive – Suite 400
Omaha, NE  68154
P:  402-951-7228
E:  jjorgensen@evans-dixon.com
*Attorney for Plaintiff*

E-FILED          LACV125206 - 2024 APR 19 08:09 AM          POTTAWATTAMIE
CLERK OF DISTRICT COURT          Page 1 of 2

*CA4013*

State of Iowa, District Court POTTAWATTAMIE County

| | |
|---|---|
| RYLAN RICHARDS<br>        Plaintiff / Petitioner<br>    vs.<br>COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT<br>        Defendant / Respondent | CASE NO. 04781  LACV125206<br><br>ORDER FOR INDIVIDUAL CASE ASSIGNMENT |

IT IS ORDERED:

Judge Michael D. Hooper is designated as the Judge to preside over all future proceedings in this case.

If there are pending matters that should be determined before the trial/hearing, counsel shall promptly bring those matters to the attention of the presiding Judge.

/s/ Kiersten Haubrich, Judicial Specialist
712-328-4714

Copies to:

JULIE JORGENSEN

E-FILED          LACV125206 - 2024 APR 19 08:09 AM          POTTAWATTAMIE
CLERK OF DISTRICT COURT          Page 2 of 2



State of Iowa Courts

| Case Number | Case Title |
|---|---|
| LACV125206 | RYLAN RICHARDS VS COUNCIL BLUFFS COMMUNITY SCHOOL |
| **Type:** | OTHER ORDER |

So Ordered

Kiersten Haubrich, Court Administration Designee
Fourth Judicial District of Iowa

Electronically signed on 2024-04-19 08:09:40

IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE  COUNTY

| | |
|---|---|
| RYLAN RICHARDS<br><br>VS.<br><br>   COUNCIL BLUFFS COMMUNITY SCHOOL<br>DISTRICT | CASE NO: 04781  LACV125206<br><br>**NOTICE OF CIVIL TRIAL-**<br>**SETTING CONFERENCE**<br>**(Use of this form is mandatory.)** |

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a  * **Trial Scheduling Conference is scheduled on 06/06/2024 at 03:45 PM (Telephonic ONLY: please call at the DIRECTIONS BELOW INDICATED FOR SCHEDULING CONFERENCE.** *This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/ Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:

**By telephone with Court Administration's conference line.  All Attorneys/Pro Se Parties shall contact the court at 1-877-304-9269 then enter conference code 527612 with Clara McDowell, Judicial Specialist, when prompted.**      Attorneys for all parties appearing in the case shall participate at this conference.  Parties not represented by  counsel shall participate in this conference.

**Recording or rebroadcasting of a court proceeding held by video or telephone conference, including pictures, screenshots, or other visual or audio copying, is prohibited absent an expanded news media coverage order. Any violation may result in contempt of court or other sanctions. Please note judicial branch staff may be recording this proceeding.**

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

**Prior to the trial-setting conference, the parties must file a Trial Scheduling and Discovery Plan, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).**

In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting conference, obtain a trial date from court administration  that complies with the provisions of Chapter 23.  The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

/s/ Kiersten Haubrich, Judicial Specialist
712-328-4714

If you need assistance to participate in court due to a disability, call the disability coordinator at (712) 328-4753 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

E-FILED  2024 APR 29 12:58 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| RYLAN RICHARDS,<br><br>               Plaintiff,<br>vs.<br><br>COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT,<br><br>               Defendant. | NO. LACV125206<br><br>**APPEARANCE** |

COMES NOW Zachary D. Clausen of Klass Law Firm, L.L.P., Mayfair Center, Upper Level, 4280 Sergeant Road, Suite 290, Sioux City, Iowa, 51106, and enters his appearance as counsel for the Defendant, Council Bluffs Community School District.  The parties and the Clerk of Court are advised to adjust their files accordingly.

Respectfully submitted,

_____

Zachary D. Clausen  #AT0013741
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
zclausen@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax

ATTORNEYS FOR DEFENDANT

KLASS LAW FIRM,
L.L.P.

1

E-FILED  2024 APR 29 12:58 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

Copy to:

Julie Jorgensen
11422 Miracle Hills Drive, Suite 400
Omaha, NE  68154

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on April 29, 2024.
By: _____  U.S. Mail          _____ facsimile
    _____  Hand delivered     _____ Overnight courier
    _____  Email              __X__  ECF

Signature ____/s/ Donna Poznanski____

**KLASS LAW FIRM,
L.L.P.**

E-FILED  2024 APR 29 12:57 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| RYLAN RICHARDS, | NO. LACV125206 |
| Plaintiff, | **APPEARANCE** |
| vs. | |
| COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT, | |
| Defendant. | |

COMES NOW Douglas L. Phillips of Klass Law Firm, L.L.P., Mayfair Center, Upper Level, 4280 Sergeant Road, Suite 290, Sioux City, Iowa, 51106, and enters his appearance as counsel for the Defendant, Council Bluffs Community School District.  The parties and the Clerk of Court are advised to adjust their files accordingly.

Respectfully submitted,

Douglas L. Phillips   #AT0006251
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax

ATTORNEYS FOR DEFENDANT

**KLASS LAW FIRM, L.L.P.**

1

Copy to:

Julie Jorgensen
11422 Miracle Hills Drive, Suite 400
Omaha, NE  68154

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on <u>April 29, 2024</u>.

By: _____ U.S. Mail _____ facsimile
_____ Hand delivered _____ Overnight courier
_____ Email ___X___ ECF

Signature ____<u>/s/ Donna Poznanski</u>____

KLASS LAW FIRM,
L.L.P.

E-FILED  2024 APR 29 12:57 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| RYLAN RICHARDS | NO. LACV125206 |
| Plaintiff, | |
| vs. | |
| | **ACCEPTANCE OF SERVICE** |
| COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT | |
| Defendant. | |

COMES NOW the undersigned as attorney for the named Defendant herein, Council Bluffs Community School District, in the above-entitled action, and hereby accepts due legal service, as if the Defendant was personally served herein, of the Original Notice and Petition and Demand for Jury Trial on this 29th day of April, 2024.

Respectfully submitted,

Douglas L. Phillips #AT0006251
Zachary D. Clausen  #AT0013741
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
zclausen@klasslaw.com
WWW.KLASSLAW.COM
712-252-1866
712-252-5822 fax

ATTORNEYS FOR DEFENDANT

KLASS LAW FIRM,
L.L.P.

1

E-FILED  2024 APR 29 12:57 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

Copy to:

Julie Jorgensen
11422 Miracle Hills Drive, Suite 400
Omaha, NE  68154

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on April 29, 2024.

By: _____ U.S. Mail          _____ facsimile
    _____ Hand delivered     _____ Overnight courier
    _____ Email              __X___ EFC

Signature _____/s/ Donna Poznanski

**KLASS LAW FIRM,
L.L.P.**

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RYLAN RICHARDS,

**DEFENDANTS**

COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT,

**(b)** County of Residence of First Listed Plaintiff **Pottawattamie**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Pottawattamie**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Julie Jorgensen, Evans & Dixon LLC, 11422 Miracle Hills Drive, Suite 400, Omaha, NE 68154 (402) 951-7228

Attorneys *(If Known)*
Douglas L. Phillips and Zachary D. Clausen, Klass Law Firm, LLP, 4280 Sergeant Road # 290, Sioux City, IA  51106 (712) 252-1866

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 12101 et seq.
Brief description of cause:
Alleged violations of federal and state disability discrimination statutes

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE
4/30/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____